IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCAS DANIEL SCHMIDT, | **8:21CV300** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| H.H. HALL RESTAURANT OF YORK, INC**.**, | |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a male, claims his former employer discriminated against him on the basis of sex between October 2018 and June 2020, by subjecting him to unequal terms and conditions of employment, and by terminating his employment. Plaintiff also claims sexual harassment and retaliation. Plaintiff alleges he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2020, and received a right-to-sue letter on June 15, 2021. This action was filed on August 9, 2021.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Plaintiff seeks damages from Defendant for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. However, no facts are alleged in Plaintiff's Complaint, nor is there attached to the Complaint a copy of the charge of discrimination Plaintiff allegedly filed with the EEOC. The Complaint therefore fails to state a claim upon which relief may be granted. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S., at 678.

Although Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), the court on its own motion will give Plaintiff leave to amend and will briefly outline the elements of a Title VII claim. To state an actionable claim for relief, Plaintiff will need to include enough factual allegations in the amended complaint to meet the "plausibility" standard. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678 (2009).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

"To establish a prima facie case of sex discrimination, [a plaintiff] must show she: '(1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class.'" *Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087 (8th Cir. 2015) (quoting *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) ). Because [Plaintiff's] claim is one for reverse discrimination, he "must also show that 'background circumstances support the suspicion that [Defendant] is that unusual employer who discriminates against the majority.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Hammer v. Ashcroft*, 383 F.3d 722, 724 (8th Cir. 2004) ); *see also Moody* [*v. Vozel*, 771 F.3d 1093, 1097 (8th Cir. 2014)] ( [Plaintiff] can "show suspicious background circumstances by showing evidence that [Defendant] is inclined to discriminate invidiously against males or something 'fishy' about the facts that raises an inference of discrimination." *Wood v. Perry*, 375 F.3d 671, 674 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

*Tremaine v. Goodwill Indus., Inc.*, No. 8:16CV488, 2018 WL 2445538, at *5 (D. Neb. May 31, 2018).[1]

---

[1] A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S., at 570. The elements of a prima facie case are relevant to a plausibility determination, however. They "are part of the background against which a plausibility determination should be made," and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the [Federal Rule of Civil Procedure] 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

Title VII also prohibits discrimination based on sex that creates a hostile or abusive working environment. *Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 823 (8th Cir. 2003). To state a claim for hostile work environment based on sex, a plaintiff must show that "(1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." *Id.,* at 823-24. *See also Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009) (For a sex-based hostile work environment claim, "[t]he harassment must be severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe her working conditions have been altered." (internal quotation marks omitted)); *Draper v. Doculynx, Inc.*, No. 8:18CV374, 2019 WL 1430127, at *5 (D. Neb. Mar. 29, 2019).

Finally, Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated ... in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a) (Westlaw 2019).

> The "employee has the initial burden of establishing a prima facie case of retaliation by showing that (1) [he] engaged in protected conduct, (2) [he] suffered a materially adverse employment action, and (3) the adverse action was causally linked to the protected conduct." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011). The "ultimate question" is "whether the employer's adverse action against the employee was motivated by retaliatory intent." *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quotation omitted).

*Rebouche v. Deere & Co.*, 786 F.3d 1083, 1088 (8th Cir. 2015); *see Peniska v. CJ Foods Inc.*, No. 8:19CV277, 2019 WL 3892832, at *5 (D. Neb. Aug. 19, 2019).

## IV. CONCLUSION

This action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. However, Plaintiff will be given 30 days to file an amended complaint.

4

IT IS THEREFORE ORDERED:

1.  Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.  In the event Plaintiff files an amended complaint, he shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) in the event he files an amended complaint.

4.  The Clerk of the Court is directed to set this pro se case management deadline: **October 20, 2021**—amended complaint due.

5.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 20th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5