IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCAS DANIEL SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>H.H. HALL RESTAURANTS OF YORK, INC.,<br><br>Defendant. | 8:21CV300<br><br>**MEMORANDUM AND ORDER** |

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff filed his pro se Complaint (Filing 1) on August 9, 2021, and was granted leave to proceed in forma pauperis. The court conducted an initial review the Complaint under 28 U.S.C. § 1915(e)(2) and determined that it failed to state a claim upon which relief may be granted because Plaintiff had not alleged sufficient facts or attached a copy of the charge of discrimination he allegedly filed with the Equal Employment Opportunity Commission ("EEOC"). However, the court on its own motion gave Plaintiff leave to amend. See Memorandum and Order filed September 20, 2021 (Filing 6). An Amended Complaint (Filing 8) was timely filed on October 7, 2021.

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges he is a gay, married male. Plaintiff claims Defendant, which operates a McDonald's restaurant in York, Nebraska, discriminated against him because of his sexual orientation by subjecting him to unequal terms and conditions of employment, and by terminating his employment. Plaintiff also claims sexual harassment (hostile work environment) and retaliation. Attachments to the Amended Complaint include a charge of discrimination Plaintiff filed jointly with the Nebraska Equal Opportunity Commission and the EEOC on June 25, 2020, a right-to-sue letter issued by the EEOC on June 14, 2021, a "list of occurrences" Plaintiff alleges he submitted to upper management, two additional lists of discriminatory and harassing incidents Plaintiff allegedly suffered, and a copy of a letter Plaintiff alleges he also submitted to upper management.

## III. DISCUSSION

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discrimination on the basis of an employee's homosexuality or transgender status is unlawful. *Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020).

To establish a prima facie case of disparate treatment sex discrimination, a plaintiff must show that he or she: (1) is a member of a protected class; (2) was meeting the employer's legitimate job expectations; (3) suffered an adverse

employment action; and (4) was treated differently than similarly situated employees who were not members of his or her protected class. *See Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087 (8th Cir. 2015).[1]

Title VII also prohibits discrimination based on sex that creates a hostile or abusive working environment. *Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 823 (8th Cir. 2003). To state a claim for hostile work environment based on sex, a plaintiff must show that he or she (1) belongs to a protected group; (2) was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Id.,* at 823-24.

Finally, Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated ... in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a) (Westlaw 2019).

> The "employee has the initial burden of establishing a prima facie case of retaliation by showing that (1) [he] engaged in protected conduct, (2) [he] suffered a materially adverse employment action, and (3) the adverse action was causally linked to the protected conduct." *Pye v. Nu*

---

[1] A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S., at 570. The elements of a prima facie case are relevant to a plausibility determination, however. They "are part of the background against which a plausibility determination should be made," and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the [Federal Rule of Civil Procedure] 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

*Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011). The "ultimate question" is "whether the employer's adverse action against the employee was motivated by retaliatory intent." *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quotation omitted).

*Rebouche v. Deere & Co.*, 786 F.3d 1083, 1088 (8th Cir. 2015); *see Peniska v. CJ Foods Inc.*, No. 8:19CV277, 2019 WL 3892832, at *5 (D. Neb. Aug. 19, 2019).

Upon review of Plaintiff's Amended Complaint, including its attachments, the court finds for purposes of 28 U.S.C. § 1915(e)(2) that Plaintiff has stated plausible claims for relief under Title VII for disparate treatment sex discrimination, sexual harassment (hostile work environment), and retaliation, and that the matter should proceed to service of process on such claims.

IT IS THEREORE ORDERED:

1. The Clerk of the Court is directed to complete and issue a summons form and USM-285 form for **Defendant H. H. Hall Restaurants of York, Inc., 4012 S. Lincoln Ave., York, NE 68467**, and to forward the forms together with a copy of the Amended Complaint (Filing 8) and this Memorandum and Order to the United States Marshals Service for service on Defendant.[2] Service may be accomplished by certified mail or authorized method for service on a corporation. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01 (Westlaw 2021).

2. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

3. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of the Court shall set a case-management deadline accordingly.

4. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 13th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge